1

HONORABLE RONALD B. LEIGHTON

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8

9

MICHAEL WHELAN, et al.,

Plaintiffs,

10

v.

11

DONALD G. SLONE, et al.,

12

Defendants.

13

CASE NO. C13-6037 RBL

ORDER REMANDING CASE TO
PIERCE COUNTY SUPERIOR
COURT

14        THIS MATTER is before the Court on its own motion.  Plaintiffs apparently purchased

15   property at a Trustees sale that is currently occupied by the Defendants.  Plaintiffs initiated a

16   state law unlawful detainer action against plaintiffs in Pierce County Superior Court [Cause No.

17   13-2-1538-9].

18        Defendants Slone filed a Notice of Removal to this Court.  They claim that the court has

19   Federal Question jurisdiction over the case under 28 U.S.C. §1331 because the "Notice to Quit

20   upon which the civil action is based incorporates by reference federal law, viz., Title VII of the

21   Emergency Economic Stabilization 'Protecting Tenants at Foreclosure Act of 2009' 123 Stat.

22   1660 ("EESA")."   The Notice of Removal also alleges that the Notice [to Quit] is attached as an

23

24

1   Exhibit to the Complaint and that "hence a federal statute is drawn in question in this case."

2   [Dkt. #1 at 2.]

3        The underlying Unlawful Detainer Complaint is attached to the Notice of Removal, but it

4   does not include any Exhibits, and while it references a "notice," it specifically recites that the

5   notice was required under "RCW 61.24.060."  [Dkt. #1 at 9].   The Complaint does not

6   reference[1] or rely upon any federal statutes or raise any federal questions; it is a plain vanilla,

7   state law eviction case.

8        Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196

9   (N.D. Cal.  1998) and numerous other authorities, the party asserting federal jurisdiction has the

10   burden of proof on a motion to remand to state court.  The removal statute is strictly construed

11   against removal jurisdiction.  The strong presumption against removal jurisdiction mans that the

12   defendant always has the burden of establishing removal is proper.  *Conrad*, 994 F. Supp.  at

13   1198.  It is obligated to do so by a preponderance of the evidence.   *Id.*  at 1199; *see also Gaus v.*

14   *Miles*, 980 F.2d 564, 567 (9th Cir. 1992).  Federal jurisdiction must be rejected if there is any

15   doubt as to the right of removal in the first instance. *Id.*  at 566.

16        There is no federal question raised in the underlying complaint.  Defendants have not met

17   and cannot meet their burden of establishing that removal was proper, or that this court has

18   jurisdiction over the case.

19        The Court will therefore *sua sponte* REMAND this case to the Pierce County Superior

20   Court.  The Court will not entertain a motion for fees or costs.

21   _____

22       [1] There are additional irregularities in the Notice of Removal.  The document is signed by
only one of the Defendants, and does not recite that all defendants consent to or join in it.  It

23   claims that it was served on Plaintiffs and filed in state court, but the referenced documentation
of such service is not attached to the Notice of Removal.  Nor is it clear that the entire state court

24   record was attached to the Notice.

ORDER REMANDING CASE TO PIERCE
COUNTY SUPERIOR COURT - 2

1       The Clerk shall deliver copies of this Order to all parties and to the clerk of the Pierce

2 County Superior Court.

3       IT IS SO ORDERED.

4       Dated this 11th day of December, 2013.

5

6

7 RONALD B. LEIGHTON
   UNITED STATES DISTRICT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REMANDING CASE TO PIERCE
COUNTY SUPERIOR COURT - 3